**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **DARRYL D. PARKER** | **CIVIL ACTION NO. 08-1553** |
|     **LDOC #300414** | |
| **VS.** | **SECTION P** |
| | **JUDGE JAMES** |
| **DEPARTMENT OF CORRECTIONS,** | |
| **ET AL.** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Darryl D. Parker, proceeding *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on October 15, 2008. Plaintiff is an inmate in the

custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated

at the East Carroll Detention Center (ECDC), Lake Providence, Louisiana. He complains that his

"legal mail" has been tampered with; that he is exposed to unhealthy conditions of confinement;

that the defendants have failed to respond to his grievances; and that he should be housed at an

LDOC facility where he can avail himself of the services of a social worker. He prays for

$5,000,000 in damages from ECDC's Warden John Gunter, ECDC's mail officer, "Ms. Mary,"

and the LDOC. This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of

the court.  For the following reasons it is recommended that the complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous.

*Statement of the Case*

*1. Original Complaint [rec. doc. 1]*

On October 6, 2008, plaintiff received "legal mail" from the United States District Court

for the Eastern District of Louisiana.  According to plaintiff, the envelope was opened and two

legal documents were missing, including, "... the most important paper ... to enter on the website of his case..." He complained to the prison's mail room but they denied any wrong doing. Plaintiff also discovered that the "record room has made copies of a ruling from the district court to me..."

Plaintiff also claimed that his health was in danger because he has been exposed to asbestos in the ceiling. He complained that he was sprayed with "pepper mint mace" for no reason. He also complained that he was not properly fed; that the prison does not provide proper clothing, including winter coats; and that he was not provided cleaning supplies.

He complained that the LDOC and ECDC fail to respond to administrative remedies grievances. Finally, he complained that he should be housed in an LDOC facility where he can obtain the services of a social worker.

### 2. Amend Order [rec. doc. 4] and Plaintiff's Initial Responses

On December 18, 2008, the undersigned directed plaintiff to amend his complaint to provide more additional information as follows:

> Plaintiff's complaint lacks detail. He claims that important documents were missing from the envelope he received from the United States Court on October 6, however, he does not describe the documents, or state why he claims they were important. Most importantly, he does not state how he came to know that the documents were taken by mail room personnel. Finally, he does not allege how he was prejudiced or injured by the various acts complained of.
>
> Likewise, with respect to his asbestos exposure claim, plaintiff provides only conclusory allegations. He should provide some evidence to support his claim that he is exposed to asbestos and, he should state how, and to what extent, he has suffered harm as a result of each of the conditions of confinement that he complains about.
>
> He should amend his complaint to provide the Rule 8 information. [rec. doc. 4]

Plaintiff was then directed to amend his complaint as follows:

Specifically, but not exclusively, plaintiff shall precisely state what each named defendant did to violate HIS constitutional rights with respect to the incidents alleged and further, he shall state with specificity the nature and extent of the injuries or prejudice he claims to have sustained as a result of the alleged constitutional violations.  Further, he should provide facts to establish deliberate indifference on the part of the defendants. [*Id*.]

On December 24, 2008, plaintiff submitted a hand-written letter in which he again alleged that Ms. Mary had tampered with his "legal mail" and that a page from an *in forma pauperis* application for litigation pending in the United States District Court for the Eastern District of Louisiana was missing when the documents were delivered to plaintiff.  He also alleged, "Because of the like (sic) of medical attention I am having breathing problems and serious headaches and my belief is that it is from asbestos problems here." [rec. doc. 5] Attached to this response was a two page Pauper Order from the United States District Court for the Eastern District of Louisiana, *Darryl Parker vs. Jefferson Parish D.A.'s Office, et al.,* Civil Action Number 08-4422.  The order, dated September 30, 2008, and signed by United States Magistrate Judge Sally Shushan, granted *in forma pauperis* status to the plaintiff. [rec. doc. 5, pp. 3-4]

On January 6, 2009, plaintiff submitted another letter.  Therein he complained that prison mail room employees had tampered with an *in forma pauperis* application related to litigation in Louisiana's Nineteenth Judicial District Court.  Attached was an "Order for Costs" in the matter *entitled  Darryl D. Parker v. Department of Corrections*, No. 572787, Nineteenth Judicial District Court, Parish of East Baton Rouge.  This order, dated December 1, 2008, directed plaintiff to pay costs or submit an *in forma pauperis* form to the Court. [rec. doc. 6, p. 3]

On January 16, 2009, plaintiff submitted another letter complaining that the Clerk of this Court had erroneously mailed him a docket sheet from another case. The error was acknowledged and the appropriate docket sheet was apparently forwarded by the Clerk of Court. [rec. doc. 7]

On January 26, 2009, plaintiff advised that he was transferred from ECDC to the Dixon Corrections Institute, Jackson, Louisiana [rec. doc. 8]

On March 4, 2009, the undersigned, having noted plaintiff's previous deficient responses to the memorandum order directing him to amend, notified plaintiff that his complaint would be dismissed unless he complied with the December 19, 2008, order directing him to amend and provide more specific information. [rec. doc. 9]

### 3. Amended Complaint [rec. doc. 10]

On March 10, 2009, plaintiff again complained of missing documents relative to *in forma pauperis* applications associated with previous lawsuits. Again, plaintiff asserted that Ms. Mary admitted opening mail directed to him from a Court; however, she again denied having tampered with the contents of the mail. Plaintiff attached the following documents:

1. Computer generated documentation associated with litigation in the United States District Court for the Eastern District of Louisiana in the matter of *Parker v. Rapides Parish Detention Center*, No. 2:05-cv-1419. [rec. doc. 10, p. 2]

2. Order dated October 7, 2008, signed by United States Magistrate Judge Alma L. Chasez, granting *pauper* status to the plaintiff in a matter filed in the United States District Court for the Eastern District of Louisiana in the matter of *Parker v. Butler, et al.*, No. 08-4419. [rec. doc. 10, pp. 3-5]

3. Report and Recommendation of Magistrate Judge Chasez in *Parker v. Butler, et al.*, Nos. 08-4419 and 08-4422. The Report recommends dismissal of civil rights complaints/petitions for habeas corpus filed by plaintiff against Thomas J. Butler, Assistant District Attorney, and attorney A.F. "Sony" Armond, Jr. Magistrate Judge Chasez recommended dismissal of plaintiff's habeas corpus claims because plaintiff failed to exhaust available state

court remedies; dismissal of the civil rights claims was recommended because the Assistant District Attorney was entitled to prosecutorial immunity and the attorney was not a "state actor" under §1983. The magistrate judge concluded by noting that plaintiff's complaint, insofar as it sought damages for a wrongful conviction, was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), until such time as plaintiff could demonstrate that the conviction attacked had been invalidated by the appropriate federal or state forum. [rec. doc. 10, pp. 6-11]

### *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff's original complaint sets forth his claim and the basis for his cause of action. Since the complaint lacked detail, plaintiff was provided some instruction on the law and ordered to amend his complaint to provide more specific information. He was then given yet another opportunity to plead his claims. He need not be permitted further amendment because his claims

are manifestly frivolous.

## 2. Immunity

Plaintiff has sued the LDOC; however, the Louisiana Department of Public Safety and Corrections is absolutely immune from suit due to the Eleventh Amendment. See *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir.1999). Plaintiff's claims against the LDOC must be dismissed.

## 3. Conditions of Confinement

In his original complaint, plaintiff claimed that his health was in danger because he was (1) exposed to asbestos in the ceiling; (2) sprayed with "pepper mint mace" for no reason; (3) not properly fed; (4) not properly clothed; and (5) that he was not provided cleaning supplies. [rec. doc. 1] He was specifically directed to amend this complaint to provide factual support for these conclusory allegations and to describe the injury or harm he experienced as a result of these conditions. [see rec. doc. 4]

In response to that directive, plaintiff alleged only, "Because of the like (sic) of medical attention I am having breathing problems and serious headaches and my belief is that it is from asbestos problems here." [rec. doc. 5]

Complaints about prison conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment. While the Eighth Amendment does not prohibit punishment it does prohibit cruel and unusual punishment including the unnecessary and wanton infliction of pain. See *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Additionally, while the Eighth Amendment does not mandate comfortable prisons, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).

Federal courts employ a two-part test to determine whether a prisoner has established an

Eighth Amendment violation. *Harper,* 174 F.3d at 719. First, there is an objective requirement that the plaintiff demonstrate conditions "so serious as to deprive prisoners of the minimal measure of life's necessities," as when the prisoner is denied "some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, under a subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's conditions of confinement. *Woods*, 51 F.3d at 581. "The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis added).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. *Id.*" *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Plaintiff's complaint simply does not rise to the level of Eighth Amendment violations.

As shown above, federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaints concerning asbestos exposure are conclusory; his remaining

complaints allege no injury.  Such claims, standing alone, simply do not rise to the level of cruel

and unusual punishment as defined by the jurisprudence, because, with regard to each of these

claims, plaintiff has not alleged that he sustained anything other than *de minimis* [1] harm or injury

as a result to his exposure to the complained of conditions.

In order to recover damages for exposure to dangerous conditions, a prisoner must show

that he suffered an actual physical injury. See 42 U.S.C. § 1997e(e); compare *Alexander v.*

*Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir.2003, *cert. denied*, 541 U.S. 1012, 124 S.Ct.

2071, 158 L.Ed.2d 623 (2004).  Plaintiff, at worst, was inconvenienced and not injured or

otherwise harmed by the conditions complained of; these conditions cannot rationally be equated

to "cruel and unusual punishment"  since the deprivations alleged were not so extreme as to "...

rise to a level that results in physical torture..." *Bradley v. Puckett*, 157 F.3d at 1025.  Further, the

injuries described are all *de minimis*, at worst. Plaintiff's Eighth Amendment conditions of

confinement claims are  frivolous.

### 4. Interference with Access to Courts

Plaintiff claims that the defendants have interfered with his legal mail; however, as a

factual matter, it appears that the defendants merely opened and inspected his mail. Nevertheless,

plaintiff insists that documents associated with his *in forma pauperis* applications in the United

States District Court for the Eastern District of Louisiana and the Nineteenth Judicial District

---

[1]  It has been suggested that "...an appropriate *de minimis* standard would be whether as a common-sense
category approach to the injury; would the injury require or not require a free world person to visit an emergency
room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury? In effect, would
only home treatment suffice?" *Luong v. Hatt*, 979 F.Supp. 481, 486 (N.D. Tex. 1997).  A more than *de minimis*
physical injury, as defined by § 1997e(e) and the jurisprudence,  "... is an observable or diagnosable medical
condition requiring treatment by a medical care professional.  It is not a sore muscle, an aching back, a scratch, an
abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and
activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of
a serious nature, or persists after home remedy care." *Id.*

Court were taken by Ms. Mary or others in the mail room.

In support of his claim he has provided various documents, but nothing thus far submitted appears to have any relevance to his claim. Plaintiff has not established that the contents of these envelopes were "legal mail"; clearly, plaintiff has never alleged that these letters contained privileged correspondence from plaintiff's attorney. Thus, plaintiff has not established that the defendants did anything more than open and inspect these envelopes for contraband, an activity which they are allowed by law to perform. See *Brewer v. Wilkinson*, 3 F.3d 816, 820-821 (5th Cir. 1993).

Further, to the extent that plaintiff maintains that the defendants' acts interfered with his right of access to the courts, he has also failed to state a claim. An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' allegedly unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To prevail on such a claim, a prisoner must show that his legal position has been prejudiced. See *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988). He must allege and ultimately demonstrate that he was prevented from raising a meritorious legal issue. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998).

Plaintiff has not shown that his legal position has been prejudiced by the defendants' alleged interference with his legal mail. Indeed, it appears that he was afforded *in forma pauperis* status with regard to the civil rights complaints filed in the Eastern District of Louisiana under docket numbers 08-4419 and 4422; however, those claims were dismissed because one of the defendants was immune from suit, the other was not a "state actor", and because the conviction he was attacking had not been invalidated. [rec. doc. 10, pp. 6-11] Nothing thus far submitted by the plaintiff indicates that his ability to litigate this claim was in any way interfered

with by the defendants.

Plaintiff was also permitted to litigate a *habeas corpus* petition in the same court under Docket Number 2:05-cv01419. [see rec. doc. 10, p. 2] Plaintiff was permitted to litigate that claim *in forma pauperis*. The case was dismissed, not for any irregularities related to plaintiff's pauper status, but rather because plaintiff failed to exhaust available state court remedies prior to filing his federal *habeas corpus* petition. See *Darryl Parker v. Rapides Parish Detention Center*, No. 2:05-cv-1419 at rec. docs. 3 (order granting *ifp* status), 16-19 (Report and Recommendation, Order, and Judgment).

Plaintiff has provided an order suggesting that he was initially denied *in forma pauperis* status in a civil suit filed in the Nineteenth Judicial District Court. See "Order for Costs" in the matter *entitled Darryl D. Parker v. Department of Corrections*, No. 572787, Nineteenth Judicial District Court, Parish of East Baton Rouge. However, this order was dated December 1, 2008, and merely directed plaintiff to pay costs or submit an *in forma pauperis* form to the Court. [rec. doc. 6, p. 3] Nothing of record suggests that plaintiff was unable to comply with that order. Further, and more importantly, plaintiff has not shown that any of the defendants prevented him from pursuing a non-frivolous claim in this matter.

Plaintiff's access to court claim is frivolous.

## 5. Conclusion and Recommendation

In short, each of plaintiff's claims are manifestly frivolous and dismissal on that basis is recommended. Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, April 23, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE