RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE
BY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **DARRYL D. PARKER** | **CIVIL ACTION NO. 08-1553** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **DEPARTMENT OF CORRECTION, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## RULING

Before the Court is *pro se* Plaintiff Darryl D. Parker's ("Parker") civil rights complaint. On April 23, 2009, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 12], recommending that his claims be dismissed with prejudice as frivolous. For the following reasons, the Court ADOPTS the Report and Recommendation, but issues the following additional analysis on Parker's claims regarding asbestos exposure and Defendants' failure to respond to grievances, as well as his request that he be transferred to a different facility.

Parker alleges that he is experiencing breathing problems and serious headaches and that his "belief is that it is from asbestos problems here." [Doc. No. 5, p. 2]. Magistrate Judge Hayes reasoned that Parker's allegations were conclusory. [Doc. No. 12, p. 8]. Assuming these symptoms are sufficient to state a claim of physical injury under 42 U.S.C. § 1997e(e), *see Smith v. Leonard*, No. 06-41290, 2007 U.S. App. LEXIS 18786, at *1–2 (5th Cir. Aug. 7, 2007), Parker nonetheless fails to state an Eight Amendment claim because he has not alleged that Defendants were subjectively aware of the risk to his health and disregarded it. *See Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). For this additional reason, his claim is also DISMISSED WITH PREJUDICE.

Parker alleges that Defendants have failed to respond to his grievances. Magistrate Judge

Hayes did not address this allegation. This allegation fails to state a claim on which relief can be granted because Parker has no constitutionally protected right to a prison grievance procedure. *See Taylor v. Cockrell*, No. 03-10933, 2004 U.S. App. LEXIS 2397, at *3–4 (5th Cir. Feb.12, 2004) (citing *Sandin v. Conner*, 515 U.S. 472, 485–86 (1995); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986)). This claim is, therefore, DISMISSED WITH PREJUDICE.

Parker requests that he be transferred to a facility where he can avail himself of the services of a social worker. Magistrate Judge Hayes did not address this claim, to the extent that one is alleged. This allegation fails to state a claim on which relief can be granted because "[a] prisoner has no constitutionally protected interest in a particular facility." *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). This claim is, therefore, DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 18 day of May, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE